UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| ANDREW JAMISON, ) | |
| ) | Civil No. 6:16-cv-56-GFVT |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| J. RAY ORMOND, WARDEN, ) | **ORDER** |
| ) | |
| Respondent. ) | |

*** *** *** ***

Petitioner Andrew Jamison, who is currently confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky, seeks federal habeas relief from this Court. Proceeding *pro se*, Jamison filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], a motion to waive payment of the $5.00 filing fee [R. 2], and a motion for relief pursuant to 28 U.S.C. § 2243. [R. 3.] The Court previously denied Jamison's motions to waive the filing fee and for relief under § 2243, instructing Jamison that, among other things, the Court must screen his § 2241 petition before the lawsuit may proceed. [*See* R. 5.] Jamison has now filed a motion for leave to file an amended complaint, seeking to add a fact which was not included in his original petition. [R. 6.] After a thorough review of Jamison's petition and his proposed amendment, his requests for relief do not survive the Court's initial screening and, as explained below, the pending § 2241 motion must therefore be DENIED.

**I**

In November 2012, Petitioner Andrew Jamison was indicted in Memphis, Tennessee, for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). A superseding indictment filed in September 2013 also charged Jamison with robbery in violation of 18 U.S.C.

§ 1951.  Although Jamison was represented by counsel appointed under the Criminal Justice Act, he filed numerous documents *pro se* in his case.  The Court eventually granted Jamison's request to represent himself at trial, arranging for a federal public defender to serve as "elbow counsel."  On November 5, 2013, a jury found Jamison guilty of both of the counts charged against him.  The trial court entered judgment on April 8, 2014, sentencing Jamison to two concurrent eighty-eight (88) month sentences, "to be served consecutively to undischarged DeSoto County, Mississippi sentence."  Jamison, who had been arrested by federal authorities in December 2012, was in continuous federal custody throughout his federal trial and sentencing, and he has remained exclusively in federal custody at all times.

Jamison subsequently appealed his case and sought post-conviction relief.  While Jamison's direct appeal was pending, the trial court denied Jamison's motions to vacate his conviction for lack of jurisdiction.  On March 24, 2016, the Sixth Circuit Court of Appeals affirmed Jamison's conviction and sentence in all respects, rejecting Jamison's argument that the trial court's imposition of a federal sentence consecutive to, rather than concurrent with, his state sentence was unreasonable under 18 U.S.C. §§ 3553(a), 3584(a), and U.S.S.G. § 5G1.3.  *See United States v. Jamison*, No. 2:12-CR-20323-STA-1 (W.D. Tenn. 2012).

One week after the Sixth Circuit issued its mandate in the appeal, Jamison filed the instant § 2241 petition for habeas corpus relief in this Court.  [*See id.* at R. 144, therein.] [*See also* R. 1.]  In his petition, Jamison makes several arguments.  First, he maintains the Bureau of Prisons ("BOP") improperly refused to order a *nunc pro tunc* designation of the state prison as the facility to serve his federal sentence pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), and Program Statement 5160.05, because the trial court erred in ordering his federal sentence to run consecutively to his not-yet-imposed state sentence rather than concurrently with

it.  [*Id.* at 6-7.]  Next, he claims 18 U.S.C. § 3584 does not permit the imposition of consecutive sentences under the circumstances of his case, and he contends the BOP erred in calculating his sentence based upon the consecutive sentence ordered by the trial court.  [*Id.* at 7.]  Also, Jamison claims that when the State of Mississippi filed a detainer against him with the BOP, the BOP Warden became an "agent" of Mississippi.  Jamison therefore alleges that he may challenge Mississippi judicial proceedings in this Court.  [*See id.*]  Finally, Jamison argues he is entitled to federal habeas review of his 2005 Mississippi convictions for attempted armed robbery and possession of a stolen firearm, because he was "in custody" for those offenses when the federal court sentenced him in 2014.  He seeks relief from both his 2005 Mississippi state convictions on the basis that his counsel was constitutionally ineffective at both the trial and the appellate levels.  [*See id.* at 8-10; R. 1-1.]

**II**

This Court conducts an initial review of all habeas corpus petitions.  *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  A habeas petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  *See* Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.[1]  Because Jamison is not represented by an attorney, the Court evaluates his petition under a more lenient standard.  *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Further, at this stage of the proceedings, the Court accepts all of the petitioner's factual allegations as true and construes the legal claims in his favor.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

---

[1] This standard applies to Jamison's § 2241 petition pursuant to Rule 1(b) of the Rules Governing § 2254 Cases in the United States District Courts.

3

Having thoroughly reviewed the petition and the factual information set forth in Jamison's motion to amend his complaint, it is plain that Jamison's claims are procedurally improper, substantively meritless, or both.  Jamison's extensive history of frivolous litigation has rendered him subject to the "three strikes" bar of 28 U.S.C. § 1915(g) long ago.  *See Jamison v. Federal Transfer Center*, No. 5:15-cv-278-W (W.D. Okla. 2015).  Moreover, the federal courts have repeatedly denied Jamison habeas relief from his 2005 Mississippi state convictions under 28 U.S.C. § 2254.  *See Jamison v. Mississippi*, No. 4:08-cv-137-WAP-DAS (N.D. Miss. 2008); *Jamison v. Byrd*, No. 2:07-cv-8-MPM-SAA (N.D. Miss. 2007); *Jamison v. Parker*, No. 2:06-cv-73-NBB-SAA (N.D. Miss. 2006).

In this case, Jamison's challenge to the BOP's refusal to grant a *nunc pro tunc* designation under *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), is legally meritless.  The purpose of a *nunc pro tunc* designation is to give practical effect to a state court's legally unenforceable order that its sentence should run concurrently with a previously imposed but not-yet-commenced federal sentence.  *See, e.g., Watkins v. Holland*, No. 13-12-DCR, 2013 WL 5676231 (E.D. Ky. Oct. 18, 2013); *Pitman v. U.S. Bureau of Prisons*, No. 09-383-GFVT, 2011 WL 1226869 (E.D. Ky. Mar. 30, 2011); *Simms v. United States*, No. 08-cv-43-HRW, 2009 WL 3061994 (E.D. Ky. Sept. 21, 2009).  Jamison was arrested on December 4, 2012, by federal, not state, officials.  Therefore, the federal government had primary jurisdiction over him.  As noted above, Jamison has been in continuous, uninterrupted federal custody ever since the December 2012 arrest.  Significantly, Jamison is not currently subject to a state sentence at all—while the State of Mississippi arrested Jamison in June 2012 for burglary, those charges were dropped in September 2012.  While the arrest may give Mississippi grounds to revoke Jamison's probation for prior state offenses committed in 2005, the State has not yet done so and has not imposed any

4

sort of sentence or term of incarceration for that alleged offense. [*See* R. 1-2 at 6, 8.] Because there is no state sentence with which Jamison's federal sentence could run concurrently, *Barden* has no application here. Jamison is plainly not entitled to relief based on this argument. *See* Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

As for Jamison's second claim for relief, the United States Supreme Court has conclusively rejected the premise underpinning Jamison's argument that the BOP was required by 18 U.S.C. § 3584 to deem his sentences concurrent, notwithstanding the trial court's express direction otherwise. By its terms, § 3584 governs when *a trial court* may impose consecutive or concurrent sentences. It does not authorize the BOP to make this decision, let alone allow the BOP to disregard a trial court's order regarding consecutive sentencing:

> The placement of § 3584 does indeed suggest that it is directed at district courts—but that is likely because Congress contemplated that only district courts would have the authority to make the concurrent-vs.-consecutive decision, not because Congress meant to leave the Bureau unfettered. Indeed, the Bureau already follows the other directives in § 3584(a). For example, if the district court imposes multiple terms of imprisonment at the same time, but fails to address the concurrent-vs.-consecutive issue, the terms "run concurrently," § 3584(a), and the Bureau is not free to use its "place of imprisonment" authority to achieve a different result. . . .
>
> When § 3584(a) specifically addresses decisions about concurrent and consecutive sentences, and makes no mention of the Bureau's role in the process, the implication is that no such role exists.

*Setser v. United States*, 132 S. Ct. 1463, 1469-70 (2012) (internal citations omitted).

Furthermore, this Court cannot entertain Jamison's challenges to his 2005 Mississippi convictions. Apart from the fact that these § 2254 claims are wholly unrelated to Jamison's challenge to the manner in which the BOP is carrying out his sentence under § 2241, he has thrice before sought habeas relief under 28 U.S.C. § 2254 without success. As a consequence, Jamison must seek and obtain permission from the Fifth Circuit Court of Appeals before he can properly pursue this relief. *See* 28 U.S.C. § 2244(a)(3)(A). And even if Jamison's request was

5

granted by the Fifth Circuit, the proper venue for his petition is not this Court but rather the United States District Court for the Northern District of Mississippi. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Ultimately, Jamison's § 2241 petition provides no basis for federal habeas relief in this Court. Upon initial screening of the petition, therefore, it must be denied.

As a final matter, a district court may certify either before or after an appeal is taken that any appeal would not be taken in good faith. Fed. R. App. P. 24(a)(3)(A). Such a certification is appropriate in this case. To assess whether an appeal is taken in good faith, the Court makes an objective inquiry. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). In the matter at hand, reasonable jurists could not differ in concluding that Jamison's petition fails to present any viable claim for relief. The Court will, therefore, certify that any appeal is not taken in good faith. Jamison will be assessed the full $505.00 appellate filing fee should he choose to file a notice of appeal from this Order.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Petitioner Andrew Jamison's motion for leave to file an amended complaint [R. 6] is **GRANTED**;

2. Petitioner Jamison's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

3. This action is **DISMISSED** and **STRICKEN** from the Court's active docket;

4. Judgment shall be entered contemporaneously herewith; and

5. The Court **CERTIFIES** that any appeal from this Order would not be taken in good faith.

This the 14th day of April, 2016.

Gregory F. Van Tatenhove
United States District Judge